UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------------------------------------------- x
ESTEBAN HERNAIZ,                                                     :
                                                                     :
                              Plaintiff,                             :
                                                                     :
              v.                                                     :   24-CV-116 (SFR)
                                                                     :
JOHN CARLSON ET AL.,                                                 :
                                                                     :
                              Defendants.                            :
-------------------------------------------------------------------- x
```

**MEMORANDUM & ORDER**

Plaintiff Esteban Hernaiz, an individual serving a sentence of incarceration in Connecticut Department of Correction custody,[1] filed a complaint *pro se* under 42 U.S.C. § 1983, alleging that more than a dozen defendants violated his rights under the U.S. Constitution, Connecticut Constitution, and Connecticut state law. The Court issued an Initial Review Order allowing Hernaiz to pursue a Fourth Amendment claim for false arrest against Officers Carlson, Kogut, Bengston, Brooks, Alassiri, and Sanchez-Figueroa and a First Amendment retaliation claim against Officers Carlson, Kogut, Bengston, and Brooks.[2]

Before me are cross motions for summary judgment. Hernaiz moves for summary judgment on all claims. Defendants also move for summary judgment on all claims. For the

---

[1] The DOC website lists Hernaiz as currently serving a prison sentence at New Haven Correctional Center. Connecticut State Department of Correction, Offender Information Search, https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=2678496 (last visited June 24, 2025). I may take judicial notice of this website. *See, e.g.*, *Taveras v. Semple*, No. 3:15CV00531(SALM), 2023 WL 112848, at *1 n.1 (D. Conn. Jan. 5, 2023) (taking judicial notice of Connecticut DOC offender information search).

[2] The Initial Review Order was issued by the Honorable Jeffrey A. Meyer.

1

reasons stated below, I deny Hernaiz's motions for summary judgment and grant Defendants' motion for summary judgment. I also resolve several other pending motions filed by Hernaiz.

## I. BACKGROUND

### A. Factual Background

The factual allegations in Hernaiz's complaint are summarized in the Initial Review Order issued by the Court on May 9, 2024 and will not be repeated here. *See* Initial Review Order 1-5, ECF No. 12.

Defendants' Local Rule 56(a)(1) statement and attached exhibits establish that Cromwell Police Officer John Carlson applied for an arrest warrant for Hernaiz on September 23, 2021. Defs.' L.R. 56(a)(1) Statement ¶ 1, ECF No. 46-2.[3] The arrest warrant sought

---

[3] Local Rule 56(a)(1) requires a party moving for summary judgment to file "a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." D. Conn. L. Civ. R. 56(a)(1). Local Rule 56(a)(2) requires the party opposing summary judgment to submit a Local Rule 56(a)(2) statement containing separately numbered paragraphs corresponding to the Local Rule 56(a)(1) statement and indicating whether the opposing party admits or denies the facts set forth by the moving party. D. Conn. L. Civ. R. 56(a)(2). Each denial must include a specific citation to an affidavit or other admissible evidence. D. Conn. L. Civ. R. 56(a)(3). "'Since it is not obvious to a layman that when his opponent files a motion for summary judgment supported by affidavits, he must file his own affidavits contradicting his opponent's if he wants to preserve factual issues for trial,' either the district court or the moving party is to supply the pro se litigant with notice of the requirements of Rule 56." *Irby v. New York City Transit Auth.*, 262 F.3d 412, 414 (2d Cir. 2001) (quoting *McPherson v. Coombe*, 174 F.3d 276, 280-81 (2d Cir. 1999)). Defendants informed Hernaiz of this requirement. *See* Notice, ECF No. 46-6.

   Despite receiving this notice, Hernaiz did not submit a Local Rule 56(a)(2) statement. That Hernaiz is self-represented does not excuse him from complying with the court's procedural and substantive rules. *See Baltas v. Bowers*, No. 3:23-CV-0764 (VAB), 2024 WL 1977646, at *1 (D. Conn. Apr. 26, 2024) ("Plaintiffs, although they are proceeding pro se, are bound to comply with the provisions of the Federal Rules . . . as well as this District's Local Rules.") (internal quotation marks omitted). Therefore, the facts contained in Defendants' Local Rule 56(a)(1) statement, where supported by evidence in the record, may be deemed admitted. *See* D. Conn. L. Civ. R. 56(a)(3) ("Failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming admitted certain facts that are supported by the evidence in accordance with Local Rule 56(a)(1), or in the Court imposing sanctions . . . ."). Nevertheless, I have reviewed Hernaiz's complaint and filings relating to the parties' summary judgment motions.

Hernaiz's arrest for assault in the third degree and breach of peace in the second degree, both in violation of Connecticut state law. *Id.* These charges arose from an incident that occurred the day before. *Id.* The arrest warrant was approved by a judge. *Id.* ¶ 2. Cromwell Police Officer Ahmed Alassiri arrested Hernaiz pursuant to the arrest warrant on October 7, 2021. *Id.* ¶ 3. Hernaiz was found guilty of the breach of the peace charge on August 11, 2023. *Id.* ¶ 4.

Hernaiz has filed various documents which might be construed as responding to these facts. For example, a document filed by Hernaiz as "Exhibits" contains what appears to be pages from his state trial transcript, a letter of denial for "Body cam audio/video" addressed to Hernaiz from the Cromwell Police Department, the state court Information against Hernaiz, and a copy of the text order that accompanied the Initial Review Order in this case. *See* Exhibits 7-11, 14-15, 21, 22, 25, ECF No. 50; Notice 31, 34, ECF No. 27 (similar); Rule 12 Mot. J. Pleading 22, 52-53, ECF No. 28 (similar); Mot. Reopen Case, ECF No. 13 (similar); Notice, ECF No. 14 (similar). These documents are annotated with handwritten notes from Hernaiz alleging that, for example, the "Judge was very bias[ed] and prejudice[d]" and that certain testimony by Defendant Carlson was "[l]ies." Exhibits 7, 10, ECF No. 50.

A document marked "Memorandum in Support re: Motion for Summary Judgment," ECF No. 61, repeats assertions from other filings that Defendant Carlson "lie[d] on his affidavit," that his arrest was based on "retaliation and racial profiling," and that other evidence

---

*See, e.g.*, Mot. Reopen Case, ECF No. 13; Notice, ECF No. 14; Notice, ECF No. 27; Rule 12 Mot. J. Pleading, ECF No. 28; Exhibits, ECF No. 50. Where relevant, I liberally construe Hernaiz's filings as constituting a statement of facts raising the strongest arguments that they suggest for the purpose of summary judgment. *See Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest.").

he has submitted shows that he was falsely convicted. *Id.* at 1. In other filings, Hernaiz includes citizen complaints he filed about Cromwell PD officers after the incident. Notice 7, ECF No. 27; Rule 12 Mot. J. Pleading 31-32, ECF No. 28. He also includes parts of his arrest warrant, trial transcripts, and two incident reports involving interactions between Hernaiz and the Cromwell Police Department. Rule 12 Mot. J. Pleading 13, 18, 15-16, 35-37, 54-56, ECF No. 28; Exhibits 7-11, 14-15, 22, ECF No. 50. *see* ECF No. 28-1.

### B. Procedural History

Hernaiz filed his pro se complaint on January 26, 2024. Compl., ECF No. 1. The court entered an Initial Review Order on May 9, 2024, allowing Hernaiz's First Amendment retaliation claim to proceed against Officers Carlson, Kogut, Bengston, and Brooks, and Hernaiz's Fourth Amendment false arrest claim to proceed against Officers Carlson, Kogut, Bengston, Brooks, Alassiri, and Sanchez-Figueroa. Order, ECF No. 12. Defendants filed their Answer on November 5, 2024. Answer, ECF No. 30. The case was transferred to me on January 6, 2025.

Hernaiz has filed various motions in this case since Defendants filed their Answer. *See* Mot. Summ. J., ECF No. 39, Mot. Object Rule – 26, ECF No. 40, Mot. Strike and Obj. to Mot. Summ. J., ECF No. 47, Mot. Continuing of Good Causes, ECF No. 48, Mot. Summ. J., ECF No. 49, Mot. Sanctions, ECF No. 51, Mot., ECF No. 56, Mot. Matter Law, ECF No. 57, Mot. Status Update Order, ECF No. 62. Defendants filed a Motion for Summary Judgment on January 31, 2025. Mot. Summ. J., ECF No. 46.

## II. DISCUSSION

I will first discuss the various non-summary judgment motions filed by Hernaiz and then resolve the cross motions for summary judgment.

### A.      Hernaiz's Non-Summary Judgment Motions

#### 1.      Motion to Object (ECF No. 40)

Hernaiz has filed what has been docketed as a "Motion to Object," ECF No. 40, which, construed broadly, appears to request that Judge Meyer be removed from this case. *See id.* at 1. Because this case was subsequently transferred to me, *see* Order of Transfer, January 7, 2025, ECF No. 45, this motion is denied as moot. *See*, *e.g.*, *Rosenberg v. City of New York*, No. 20-CV-3911 (LLS), 2020 WL 4195021, at *1 (S.D.N.Y. July 20, 2020) (denying motion to recuse judge as moot after case was transferred to another judge).

#### 2.      Motion to Strike (ECF No. 47)

Hernaiz has filed a motion to strike related to Defendants' motion for summary judgment. *See* ECF No. 47 at 1. I construe this motion as being brought under Rule 12 of the Federal Rules of Civil Procedure, which provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Pleadings, as defined in the Federal Rules of Civil Procedure, include complaints; answers to complaints, counterclaims and crossclaims; third-party complaints; answers to third-party complaints; and replies to answers. *See* Fed. R. Civ. P. 7(a). As a result, motions, declarations, and affidavits are not pleadings. *See, e.g., Topps Company, Inc. v. Koko's Confectionary & Novelty*, 482 F. Supp. 3d 129, 132 n.1 (S.D.N.Y. 2020). Because Hernaiz's motion to strike under Rule 12 attempts to strike from Defendants' motion for summary judgment, and a motion for summary judgment is not a "pleading" under the Federal Rules of Civil Procedure, I therefore deny Hernaiz's motion to strike.

### 3. Motion for Continuing Good Causes (ECF No. 48)

Hernaiz has filed what I construe as a motion for extension of time. *See* ECF No. 48. In it, he asks for "a[t] least two month[s]" so he can recover from an injury. *See id.* at 2. But it is unclear which deadline he seeks to extend. Because more than two months have passed since Hernaiz filed this motion, and because Hernaiz has since filed five separate motions, *see* ECF Nos. 49, 51, 56, 57, 62, the Court presumes that he has recovered from his injury and is able to pursue his case now. Accordingly, this motion is denied as moot.

### 4. Motion for Sanctions (ECF No. 51)

Hernaiz has filed a motion for sanctions against Defendants "[f]or making [f]rivolous claim[s]." ECF No. 51 at 4. I construe this motion as being brought under Rule 11 of the Federal Rules of Civil Procedure, which "authorizes courts to sanction parties who violate Rule 11(b)." *Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 159 (2d Cir. 2010). "A pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002) (internal quotation marks omitted). A party bringing a motion for sanctions under Rule 11 must "describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2).

Hernaiz's motion does not clearly describe the specific conduct that violates Rule 11(b), as required by Rule 11(c)(2). Hernaiz seemingly takes issue with the affidavit of officer John Carlson, *see* Mot. Sanctions 5, ECF No. 51, submitted as an exhibit to Defendants' motion for summary judgment. *See* Def. Mot. Summ. J. Ex. A, ECF No. 46-3. But Hernaiz never filed a

6

Local Rule 56(a)(2) Statement of Facts in Opposition to Summary Judgment challenging the veracity of the statements contained within the affidavit, *see* D. Conn. L. R. Civ. P. 56(a)(2), nor do his other filings provide any evidence, beyond bare assertions, that Carlson's affidavit was untrue. Absent any evidence that the affidavit was "interposed for any improper purpose" or that Defendants "could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law," *Sorenson v. Wolfson*, 683 F. App'x 33, 35 (2d Cir. 2017), Hernaiz's motion must be denied. *See*, *e.g.*, *Doe v. 239 Park Ave. S. Assocs., LLC*, No. 21-cv-279, 2022 WL 4592713, at *9 (S.D.N.Y. Sep. 30, 2022) (declining to award sanctions where defendant offered no evidence to support conclusory allegation of bad faith); *McCune v. Rugged Ent., LLC*, No. 08-CV-2677 (KAM), 2010 WL 1189390, at *5 (E.D.N.Y. Mar. 29, 2010) (denying motion for sanctions where movant set forth only "bald, conclusory allegations of bad faith").

### 5. Motion for Status Update (ECF No. 62)

Finally, Hernaiz filed a motion for a status update. Mot. Status Update Order, ECF No. 62. Because this order serves as a status update, Hernaiz's motion is denied as moot.

### B. Cross Motions for Summary Judgment

Defendants have filed a motion for summary judgment asserting that Hernaiz's Fourth Amendment false arrest claim fails as a matter of law because Hernaiz was adjudged guilty of one of the offenses for which he was arrested, and Hernaiz's First Amendment retaliation claim fails as a matter of law because there was probable cause to arrest him. *See* Defs.' Mot. Summ. J. at 1, ECF No. 46. Hernaiz has filed four motions seeking summary judgment. *See* Mot. Summ. J. ECF No. 39; Mot. Summ. J. ECF No. 49; Mot. Summ. J. ECF No. 56; Mot. Summ. J. ECF No. 57.

### 1. Legal Standard

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,* 875 F.3d 107, 113-14 (2d Cir. 2017). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage*, 875 F.3d at 113-14 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Which facts are material is determined by the substantive law. *Anderson*, 477 U.S. at 248. The "same standard applies whether summary judgment is granted on the merits or on an affirmative defense." *Giordano v. Market Am., Inc.*, 599 F.3d 87, 93 (2d Cir. 2010).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). The nonmoving party cannot "rely on conclusory allegations or unsubstantiated speculation" but "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 44 (2d Cir. 2015) (internal quotation marks and citation omitted). This "specific evidence" must be admissible. *See Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 264 (2d Cir. 2009). To defeat a motion for summary judgment, the nonmoving party must present such evidence as would allow a jury to find in his favor. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

I must resolve all ambiguities and draw all permissible factual inferences in favor of the nonmoving party. *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 141 (2d Cir. 2012). However, although I am required to read a self-represented party's papers "liberally and interpret[] [them] 'to raise the strongest arguments that they *suggest*,'" *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006), "unsupported allegations do not create a material issue of fact" and do not overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

### 1. Fourth Amendment False Arrest Claim

Hernaiz's complaint asserts that Defendants Carlson, Kogut, Bengston, Brooks, Alassiri, and Sanchez-Figueroa subjected him to false arrest in violation of the Fourth Amendment. Defendants move for summary judgment on Hernaiz's Fourth Amendment false arrest claim because he was convicted of an offense for which he was arrested. *See* Def. Mem. L. Supp. Mot. Summ. J. at 5, ECF No. 46-1.

The Second Circuit has held that false arrest claims asserted under § 1983 "are 'substantially the same' as claims for false arrest under state law." *Ashley v. City of New York*, 992 F.3d 128, 136 (2d Cir. 2021) (quoting *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003)). To state a false arrest claim under § 1983 in Connecticut, a plaintiff must not only plead facts to satisfy the elements of a false arrest claim under Connecticut law but must also plead facts to demonstrate "an unreasonable deprivation of liberty in violation of the Fourth Amendment." *Walker v. Sankhi*, 494 F. App'x 140, 142 (2d Cir. 2012) (summary order).

"Under Connecticut law, false arrest and false imprisonment claims require pleading and proof of the same four elements." *Arpino v. Spera*, No. 3:22-CV-01114 (KAD), 2022 WL

9

21751856, at *4 (D. Conn. Sept. 22, 2022). "The elements of such a claim under Connecticut law are: (1) the defendant arrested plaintiff or had plaintiff arrested; (2) the plaintiff was aware of the arrest; (3) there was no consent for the arrest; and (4) the arrest was not supported by probable cause." *Chase v. Nodine's Smokehouse, Inc.*, 360 F. Supp. 3d 98, 112 (D. Conn. 2019). A plaintiff asserting this claim must also prove that there was a favorable termination of the proceedings against him. *See Miles v. City of Hartford*, 445 F. App'x 379, 382-83 (2d Cir. 2011) (summary order) (citing *Roesch v. Otarola,* 980 F.2d 850, 853-54 (2d Cir. 1992)) (noting favorable termination is an element of a § 1983 claim "sounding in false imprisonment or false arrest" under Connecticut law). A "favorable termination" means that a plaintiff must show that his "prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 39 (2022).

    Here, Hernaiz's arrest was supported by probable cause and he has failed to show his prosecution ended without a conviction. First, the undisputed evidence shows that Hernaiz was arrested pursuant to an arrest warrant approved by a judge. L.R. 56(a)(1) Statement, ECF No. 46-2 ¶¶ 2–3; Defs.' Mot. Summ. J. Ex. 1, ECF No. 46-4 (arrest warrant). The judge stated in the arrest warrant that "there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issue of a warrant for the arrest of [Hernaiz]." Defs.' Mot. Summ. J. Ex. 1, ECF No. 46-4. "[I]t is well settled that the issuance of a warrant by a neutral magistrate, which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officers to believe that there was probable cause . . . ." *Washington v. Napolitano*, 29 F.4th 93, 105 (2d Cir. 2022) (internal quotation marks omitted). "To overcome this presumption, a plaintiff must

show that the officers knowingly or recklessly omitted material information from the warrant affidavit." *Id.* (citing *Mara v. Rilling*, 921 F.3d 48, 73 (2d Cir. 2019)).

Liberally construing Hernaiz's various filings as a response to the motion for summary judgment, I conclude that he has not provided sufficient facts to create a genuine dispute of material fact on this issue. Hernaiz submitted copies of the arrest warrant and annotated parts of the trial transcript to suggest that Defendant Carlson had lied at trial and on the warrant application about the sequence of events during the September 22, 2021 incident that lead to his arrest. *See, e.g.*, ECF No. 28-1 5-8 (partial copy of the arrest affidavit); Exhibits 10, ECF No. 50 10-11 (accusing officer Carlson of "Lies" regarding the incident on September 22, 2021). But these copies of legal documents and the attendant unsupported annotations by Hernaiz do not show sufficient facts to suggest that Carlson "knowingly or recklessly omitted material information from the warrant affidavit." *Washington*, 29 F.4th at 105.

Even if Hernaiz was able to submit evidence "show[ing] that the officers knowingly or recklessly omitted material information from the warrant affidavit," *id.*, a plaintiff's conviction for an offense for which he was arrested, in general, conclusively establishes the existence of probable cause for his arrest. *See*, *e.g.*, *Wingate v. Gives*, 725 F. App'x 32, 35 (2d Cir. 2018) (summary order) (plaintiff's "conviction for possession of a controlled substance established probable cause") *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (noting conviction is generally "conclusive evidence" of probable cause, so long as the conviction survives appeal); *Cameron v. Fogarty*, 806 F.2d 380, 382–83, 389 (2d Cir. 1986) (applying this rule where plaintiff was convicted of only one offense for which he was arrested); *Jaegly v. Couch,* 439 F.3d 149, 154 (2d Cir. 2006) ("[W]e conclude here that a claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether

11

probable cause existed with respect to each individual charge."). This is true even if the arrest warrant application contained infirmities or was otherwise lacking because "the quantum of proof required for a conviction is higher than that required to establish probable cause." *Winter v. Northrop*, No. CIVA 306-CV-216 PCD, 2008 WL 410428, at *6 (D. Conn. Feb. 12, 2008), *aff'd sub nom.*, *Winter v. Northrup*, 334 F. App'x 344 (2d Cir. 2009) (citing *United States v. Fisher,* 702 F.2d 372, 375 (2d Cir. 1983); *Krause v. Bennett,* 887 F.2d 362, 371 (2d Cir. 1989)).

The Court permitted Hernaiz's false arrest claim to proceed because Hernaiz alleged that he was acquitted. *See* Initial Review Order 9, ECF No. 12. But Defendants have now supplied documentary evidence contradicting that allegation. *See* L.R. 56(a)(1) Statement ¶ 4, ECF No. 46-2 (citing State of Connecticut Judicial Branch website); note 4, *infra*. While Hernaiz has filed no Local Rule 56(a)(2) statement denying this fact, I may consider Hernaiz's allegation in his verified complaint that he was acquitted of the breach of peace charge in determining whether there is a genuine issue of material fact as to whether he was convicted. *See* Compl. ¶ 52, ECF No. 1 (stating that Hernaiz was acquitted on the assault and breach of the peace charges on August 10, 2023); *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (noting that "[a] verified complaint is to be treated as an affidavit for summary judgment purposes, and therefore will be considered in determining whether material issues of fact exist, provided that it meets the other requirements for an affidavit under Rule 56(e).") (internal quotation marks omitted). Other than his own assertion in the Complaint that he was acquitted, Hernaiz has introduced no evidence to establish he was acquitted.

Although I may consider Hernaiz's allegation in his verified complaint, Hernaiz's allegation that he was acquitted, standing alone, is insufficient to raise a material issue of fact when viewed against records maintained by the State of Connecticut Judicial Branch. *See*

12

*Wegrzyn v. Murphy*, No. 3:14-CV-406 (JBA), 2017 WL 3726480, at *1 (D. Conn. Aug. 29, 2017) ("In determining whether Plaintiff has raised any material issues of fact requiring trial disposition, the Court proceeds under the principle that a party's affidavit, unsupported by any other evidence in the record, fails to raise a triable issue of fact when it conflicts with uncontroverted documentary evidence."). State of Connecticut Judicial Branch records show that Hernaiz was convicted of breach of the peace on August 11, 2023, and that he was sentenced to six months in jail on that charge.[4] As such, there is no genuine issue of fact that he was convicted.

Although not raised by Hernaiz, I take judicial notice that an appeal of his state court judgment is currently pending at the Connecticut Appellate Court. *See* Appellate/Supreme Case Look-up, *State of Connecticut v. Esteban Q. Hernaiz*, STATE OF CONNECTICUT JUDICIAL BRANCH, https://appellateinquiry.jud.ct.gov/CaseDetail.aspx?CRN=91786&Type=PartyName (last visited July 19, 2025). Although a conviction can serve as definitive evidence of probable cause for false arrest only if the conviction survives appeal, *see Weyant*, 101 F.3d at 852, a plaintiff "cannot maintain a § 1983 action for false arrest unless and until his conviction is in fact overturned," *Drayton v. Young*, No. 17-CV-5440 (KMK), 2018 WL 5831324, at *5 (S.D.N.Y. Nov. 7, 2018); *see also Jean-Laurent v. Cornelius*, No. 15-CV-2217, 2017 WL 933100, at *5, *6 n.10 (S.D.N.Y. Mar. 8, 2017) (dismissing false arrest and other claims while direct appeal of the plaintiff's conviction was pending); *Bristol v. Queens Cnty.*, No. 09-CV-5544, 2011 WL 6937468, at *8 (E.D.N.Y. Feb. 28, 2011) (dismissing false arrest cause of

---

[4] *See* State of Connecticut Judicial Branch, *Criminal/Motor Vehicle Conviction Case Detail*, http://jud2.ct.gov/crdockets/CaseDetailDisp.aspx?source=Pending&Key=5eabc8b6-10a5-448e-83d6-182947790f04 (last visited June 24, 2025).

action despite pending appeal of underlying convictions), *adopted by* 2012 WL 10484 (E.D.N.Y. Jan. 3, 2012). "If [the] plaintiff's conviction is reversed on appeal, he will then have a viable cause of action for false arrest under [§] 1983, and the reversal, itself, will be admissible to refute justification for the arrest." *Gibson v. City of New York*, No. 96-CV-4958, 1998 WL 960303, at *3 (E.D.N.Y. Dec. 9, 1998) (declining to stay proceedings pending the plaintiff's appeal of his conviction because the "plaintiff can bring his claim if and when his criminal conviction is reversed on appeal since the statute of limitations on a false arrest claim does not begin to run until the claim accrues upon reversal"); *see also Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) (dismissing appeal of dismissal of § 1983 claims for false arrest, false imprisonment, and malicious prosecution where the plaintiff "has not demonstrated that his conviction has been invalidated in any manner"). Here, Hernaiz's pending appeal does not serve to raise any genuine dispute of material fact until such time as his state conviction is in fact overturned by the Appellate Court.

Summary judgment must therefore enter in favor of Defendants on Hernaiz's false arrest claim because Hernaiz's conviction establishes both that his arrest was supported by probable cause, *see Wingate v. Gives*, 725 F. App'x 32, 35 (2d Cir. 2018), and that he is unable to establish favorable termination, *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (summary order) (holding that a plaintiff who "does not allege that his conviction has been overturned or declared invalid . . . fails to satisfy the 'favorable termination rule'"). *See Horton v. Town of Brookfield*, No. CIV.A. 3:98CV01834, 2001 WL 263299, at *3 (D. Conn. Mar. 15, 2001), *aff'd*, 40 F. App'x 635 (2d Cir. 2002) (noting that "if a valid judgment of conviction exists, the municipal defendants are entitled to summary judgment on the false imprisonment and false arrest claims as well as the malicious prosecution claims"); *Torres v. Town of Bristol*,

14

No. 3:13-CV-1335 SRU, 2015 WL 1442722, at *5 (D. Conn. Mar. 27, 2015) (granting summary judgment in favor of defendants on plaintiff's false arrest and false imprisonment claims when state court transcripts showed "none of the charges terminated in [plaintiff's] favor"); *Charles v. Johnson*, No. 3:13-CV-00218 MPS, 2015 WL 4509405, at *3 (D. Conn. July 24, 2015) (granting summary judgment in favor of defendants when state court records showed plaintiff was convicted of one of the offenses for which he alleged he was wrongfully arrested). For the same reasons, Hernaiz's motion for summary judgment on his false arrest claim must be denied.

### 2.  First Amendment Retaliation Claim

Hernaiz's complaint alleges that Defendants Carlson, Kogut, Bengston, and Brooks "conspired" to falsely arrest him as retaliation after Hernaiz filed a citizen's complaint against them in which he alleged harassment and racial profiling. Compl. ¶¶ 2-3. Defendants move for summary judgment on Hernaiz's First Amendment retaliation claim, asserting that there was probable cause for Hernaiz's arrest. *See* Mem. Law. Supp. Mot. Summ. J. 7, ECF No. 46-1.

"To plead a First Amendment retaliation claim a plaintiff must show: (1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury." *Rupp v. Buffalo*, 91 F.4th 623, 634 (2d Cir. 2024) (internal quotation marks omitted). Furthermore, a "plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest," *Nieves v. Bartlett*, 587 U.S. 391, 402 (2019), because "the presence of probable cause should generally defeat a First Amendment retaliatory arrest claim," *id.* at 405; *see also Rupp*, 91 F.4th at 638 ("A claim that an arrest was made in

retaliation for the exercise of First Amendment rights—like a claim for false arrest or malicious prosecution—may be defeated by the existence of probable cause for the arrest.").

Probable cause "generally" defeats a First Amendment retaliatory arrest claim because this rule does not apply to a plaintiff who "presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Nieves*, 587 U.S. at 407. Hernaiz does not here present any facts, beyond a bald allegation of racial bias in the Complaint, Compl. ¶¶ 18, 21, suggesting that he was treated differently than "similarly situated individuals" who had not filed citizen complaints against the Cromwell Police Department. *See Nieves*, 587 U.S. at 407. In addition, as discussed above, there was probable cause to support Hernaiz's arrest.

Accordingly, I grant summary judgment in favor of Defendants on Hernaiz's First Amendment retaliation claim. *See*, *e.g.*, *Picard v. Torneo*, No. 3:16CV1564 (WWE), 2019 WL 4933146, at *3 (D. Conn. Oct. 4, 2019) (granting summary judgment on First Amendment retaliation claim because police officers had probable cause to arrest plaintiff for reckless use of a highway and creating a public disturbance); *Marsh v. Town of E. Hartford*, No. 3:16-CV-928 (SRU), 2017 WL 3038305, at *6 (D. Conn. July 18, 2017) (granting summary judgment on First Amendment retaliation claim because police officers had probable cause to arrest plaintiff for interfering with police); *Huertas v. Ivanko*, No. 3:11-CV-00528 VLB, 2013 WL 1193187, at *13 (D. Conn. Mar. 25, 2013) (same). For the same reasons, Hernaiz's motion for summary judgment on his retaliation claim must be denied.

## III.  CONCLUSION

For the reasons stated above, Hernaiz's pending motions, ECF Nos. 39, 40, 47, 48, 49, 51, 56, 57, and 62, are **DENIED**. Defendants' motion for summary judgment, ECF No. 46, is **GRANTED**.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

New Haven, Connecticut
July 31, 2025

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge